# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WADE LAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 15-170-FHS-SPS |
| DAVID ORMAN, et al., | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on May 7, 2015 (Dkt. 1). On that same date the court granted his motion for leave to proceed *in forma pauperis* and directed him to pay an initial partial filing fee of $69.00 within 20 days (Dkt. 4). He has not paid the initial partial filing fee or otherwise responded to the order.

On June 11, 2015, plaintiff filed a Motion for Emergency Protective Order and Temporary Restraining Order Under Fed. R. Civ. P. 65, alleging he has been subjected to an illegal detention. (Dkt. 5). He claims that on the morning April 27, 2015, Officer Hortivess awakened him. While plaintiff showered, Hortivess rolled up a magazine and said it was a weapon. Plaintiff was issued a misconduct report and placed in disciplinary unit status. Sgt. Altram then removed plaintiff's property, thereby preventing plaintiff from continuing with his litigation. Plaintiff further claims that his scheduled disciplinary hearing never was held, and the dates on the warden's May 18, 2015, disciplinary hearing report were altered.

Also on June 11, 2015, plaintiff filed a 79-page Motion for Writ of Mandamus and Request for Protective Order with Temporary Restraining Order (Dkt. 6). He claims the defendants' numerous verbal and written threats are designed to cause him serious physical and mental injury. On April 30, 2015, OSP Sgt. Ghram allegedly threatened plaintiff that plaintiff would have to perform oral sex on Ghram before plaintiff would receive a dinner

tray. Plaintiff alleges this threat violated the Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601, and he reported the incident to Sgt. Dobson, who gave plaintiff a phone number for a PREA hotline. The hotline, however, was inoperable. After four days of plaintiff's persistent complaining and appealing, a psychologist interviewed plaintiff, and the hot line was activated. On May 4, 2015, plaintiff informed the DOC Inspector General about Sgt. Ghram's actions. Approximately two hours later, Ghram and Officer Coons came to plaintiff's cell and told him to pack his belongings, because he was going to the disciplinary unit. Plaintiff knew the officers' actions were in retaliation for his PREA claim, so he obtained a telephone from the run man and called the Inspector General of the Oklahoma DOC to report the retaliation. According to plaintiff, the Inspector General overruled Defendant Unit Manager Perry's plan to place him in the disciplinary unit, and Sgt. Ghram was removed from the unit. He contends that placement in the disciplinary unit would have destroyed his ability to successfully litigate his lawsuit and would have denied him visitation with his sister and his ability to purchase canteen items.

Plaintiff further alleges that on September 4, 2014, Mr. Perry, Lt. Horvatt, Sgt. Blossom, Officer Coons, and Officer McGehee entered his cell by force, destroying the cell and confiscating his response to a motion for summary judgment in *Lay v. Okla. Dep't of Corr.*, No. 13-481-RAW-SPS (E.D. Okla. Mar. 16, 2015). On December 21, 2014, Attorney Daniel Gray had filed a response on plaintiff's behalf, but plaintiff wanted to make some changes to the document. He asked to use the phone but was denied, because Lt. Horvatt claimed plaintiff previously had destroyed a phone.

Plaintiff further complains he has been charged with nine misconducts following an incident in which his $342 book was misplaced,[1] but four of the nine disciplinary hearings were cancelled without explanation. Plaintiff's motion continues with numerous claims of alleged wrongful misconducts that were based on the prison officials' vindictiveness and

---

[1] The issue of the book was addressed and denied in *Lay*, No. CIV-13-481-RAW-SPS.

recklessness. He also contends that officials have drafted fraudulent documents to create a fictional narrative of events involving plaintiff, and DOC policy has not been followed in disciplinary matters.

The court has carefully reviewed the record and has construed plaintiff's pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is clear, however, that plaintiff has not paid the required initial partial filing fee for this action or shown cause why he is unable to pay the fee. Even if the filing fee had been paid, his motions for a protective order and temporary restraining order include claims against individuals who are not defendants in this action, and none of the parties in the complaint have been served.

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). Furthermore,

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Plaintiff has not met these requirements.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to pay the initial partial filing fee.

ENTERED this 22nd of June, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma